UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANA L. MALONE on behalf of THEOPLUS RANDOLPH, JR., <br><br> Plaintiff, <br><br> v. <br><br> JO ANNE B. BARNHART, Commissioner of Social Security, and SHERRY CHILLIS, on behalf of M.L.H. and M.D.H., <br><br> Defendants. | Case No. 03 C 6098 <br><br> Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Dana Malone has been trying to obtain Child's Insurance Benefits for Theoplus D. Randolph, Jr., her minor son. In her application to the Social Security Administration, Ms. Malone sought benefits on the account of Lamond Hudson, who died fully insured on January 28, 1999. The Administration ("SSA") denied Ms. Malone's application initially, and on reconsideration; after holding a hearing, the Administrative Law Judge to whom the case was assigned also determined that benefits should be denied. In each case, the denial was based on a finding that Mr. Hudson was not the father of Ms. Malone's son. Specifically, the ALJ wrote that he was denying the claim for benefits because he was not persuaded that Ms. Malone had overcome the presumption that a man other than Mr. Hudson was the father.

Ms. Malone then filed suit in this Court, and, on August 5, 2004, the Court issued a Memorandum Opinion and Order granting summary judgment in Ms. Malone's favor and remanding the case to the Commissioner. *See Malone v. Barnhart*, No. 03 C 6098, 2004 WL 1794912 (N.D. Ill. Aug. 5, 2004). Shortly thereafter, Ms. Malone's attorney petitioned the Court for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1862 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). A position is substantially justified if it was "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

Having won summary judgment in her favor and secured a remand, Ms. Malone is the prevailing party. Moreover, the Court granted summary judgment to Ms. Malone, and denied the

2

Commissioner's motion for summary judgment, because it found that the ALJ had completely misapplied Illinois law concerning presumptions of paternity and parentage; in fact, the Court found that "[t]o the extent the ALJ presumed Theoplus Randolph to be the father, and then required Ms. Malone to overcome that presumption by clear and convincing evidence - which seems to be the case - his decision was wrong as a matter of law." *Malone*, 2004 WL 1794912, at *5. The Court further found that the ALJ appeared to have misapplied the Social Security Administration's internal operating instructions - the Program Operations Manual System, or POMS - as well. *Id.* Indeed, the Court remanded the case, instead of reversing outright and awarding benefits to Ms. Malone and her son, only because it appeared that the ALJ had never seen the records from the Illinois Probate Court establishing Theoplus Jr. as the heir of Lamond Hudson. *See id.* at *6. All of this tends to demonstrate that the ALJ's position, and the Commissioner's defense of that position, were not substantially justified. *See, e.g., Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). The Commissioner has offered nothing in her opposition brief to persuade the Court otherwise.

Moreover, the Commissioner's assertion to the contrary notwithstanding, no special circumstances exist here that would make a fee award unjust. The Commissioner has attempted to

suggest that Ms. Malone's counsel somehow failed his client by failing to provide the ALJ with certain documents relating to the DNA testing and the probate proceedings. But, as the Court noted in the opinion remanding the case, the ALJ never gave counsel that chance. In fact, although he explicitly said that he would hold the record open to receive such evidence, the ALJ closed the record immediately after the hearing. See Malone, 2004 WL 1794912, at *6. The Court, therefore, rejects the Commissioner's "special circumstances" claim, and finds that an award of fees is appropriate under the EAJA.

Having determined that an award is appropriate, the Court turns to the question of the amount of the award. Counsel for Ms. Malone seeks to recover fees for 2.7 hours of attorney time for Daniel Bourke, and 48.1 hours of attorney time for Eric Schnaufer. More specifically, applying the EAJA's statutory rates, with cost of living adjustments, counsel seeks to recover for attorney Bourke 0.6 hours billed in 2003 at the rate of $147.50/hour, and 2.1 hours billed in 2004 at the rate of $151.25/hour, for a total of $406.12. For attorney Schnaufer, counsel seeks to recover 4.1 hours billed in 2003 at the rate of $147.50/hour, and 44.0 hours billed in 2004/2005 at the rate of $151.25/hour, for a total of $7,259.74. Thus, the total fee request, for both attorneys, is $7,665.86. Additionally, counsel seeks to recover costs, consisting exclusively of the filing fee,

in the amount of $150.00.

Looking first at the requested rates, the Commissioner has not challenged counsel's proposed rates, and the Court finds them to be reasonable. Additionally, after reviewing the bills submitted by counsel, the Court finds that the time spent pursuing this case was reasonable; indeed, the bills reflect that counsel did not even submit charges for many of the hours worked. And the Commissioner has not challenged the attorneys' time records. Thus, the Court will award Ms. Malone attorneys' fees in the amount of $7,665.86. The Court will also allow Ms. Malone to recover her $150.00 filing fee. See 28 U.S.C. §2412(a)(2).

## Conclusion

For the reasons set forth above, the Court grants the application for fees and costs filed by counsel for Ms. Malone and her minor son, Theoplus Randolph, Jr. The Court awards fees and costs under the EAJA in the amount of $7,815.86.

Dated: March 2, 2005

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge

5